EDWARD J. CHAPIN, RESPONDENT, v. JOSEPH THOMP-SON, APPELLANT, IMPLEADED WITH HARRIET THOMPSON, ABIEL E. THOMPSON, AS ASSIGNEE OF JOSEPH THOMP-SON, FOR THE BENEFIT OF HIS CREDITORS, CHARLES BUT-LER AND PHILO WILCOX.

*Code of Civil Procedure, § 873 — examination of parties before trial — court not bound to grant — when denied.*

Under section 873 of the Code of Civil Procedure, regulating the taking of depositions of parties and witnesses before trial, the court is not bound to grant an order in every case where the application is formally correct, but it may examine into the facts and the object thereof to see that the law is not being perverted to mischievous and unjust ends.

An order will not be granted where the applicant only seeks to find out what the opposite party will swear to, so as to enable him to prepare to meet and overcome it.

APPEAL from an order made at Special Term, denying a motion to vacate an order for defendants' examination before trial, under sections 870, 872 and 873 of the Code of Civil Procedure.

The action was brought to foreclose a mortgage given by one Thompson to one Helmer, and by the latter assigned to the plaintiff. The defense was usury.

The affidavit made by the plaintiff, and used in procuring the order of examination, after setting forth the nature of the action and defense, stated, among other things, as follows: "Deponent further says that the facts and circumstances connected with the loan of money for which the bond and mortgage mentioned in the complaint were given; what sum of money was loaned by said

Helmer to said Thompson; the agreement then entered into; what was said and done by and between said defendant Thompson and said Helmer at the time of said loan, and the execution and delivery of said bond and mortgage; and especially the facts and circumstances connected with the first answer or defense of said defendant Thompson herein, and the allegations therein contained as aforesaid; and the facts and circumstances connected with the other matters of defense set up by the defendant Thompson in his answer, except those in reference to the assignment of the bond and mortgage herein by Helmer to the deponent, are all and each of them peculiarly within the knowledge of the defendant, Joseph Thompson, and are not all or any of them within the knowledge of this deponent. That, in order to enable this deponent as such plaintiff herein to prepare properly for the prosecution of this action, it is material and necessary for deponent to examine the defendant, Joseph Thompson, before trial herein, under the provisions of sections 870, 872, 873, etc., of the Code of Civil Procedure for the purpose of ascertaining the facts and circumstances, as aforesaid, so within the knowledge of said defendant Thompson, and not within the knowledge of deponent."

*Magone & Holbrook*, for the respondent.

*Edward C. James*, for the appellant Joseph Thompson, impleaded.

BOARDMAN, J.:

The provisions of the Code of Civil Procedure (§§ 870, etc.), attempt to consolidate all prior provisions of law touching the taking of depositions of parties and witnesses in advance of the trial of the action. It has already given rise to conflicting decisions — one in the New York Common Pleas, by a divided court (*Hynes* v. *McDermott*, 55 How., 259), and one in Supreme Court, first department. (*Beach* v. *Mayor*, 4 Abb. [N. C.], 236; *S. C.*, 14 Hun, 79.) Before these decisions it had been held by LAWRENCE, J., in *Webster* v. *Stockwell* (3 Abb. N. C., 115); by SANFORD, J., in *Ludewig* v. *Pariser* (4 id., 246), and in *Corbett* v. *De Comeau* (id., 252), that the granting of these orders was obligatory, and hence, they could not be set

aside or vacated. A different view was taken by J. F. DAILY, J., in *Hynes* v. *McDermott* (5 Wkly. Dig., 166), which was reversed, however, as we have seen, by a divided court, in the General Term of Common Pleas, C. J. DAILY dissenting. In a still later case (*Brandon Mfg. Co.* v. *Bridgman*, 7 Wkly. Dig., 37; *S. C.*, 14 Hun, 122), the New York General Term has held that the examination of a party before trial assimilates to the former remedy by bill of discovery, and that the former practice, as to the nature and extent of the discovery to be permitted, still prevails. It would seem, from the abstract, however, that the order appealed from was under section 391 of old Code. It is not doubted that the Special Term has the power to vacate these orders for examination. It has uniformly been exercised. The compulsory language is not, then, conclusive. Reason may be shown why the order should be vacated. What better reason can be given than that the examination is not in good faith wanted for the purposes recognized as proper by the act; that it is, in fact, a mere fishing expedition, a search after an adversary's evidence, or the names of his witnesses, or other things not within the object of the law. The power to vacate would, of course, exist where the affidavit was insufficient. Such is the view taken in *Beach* v. *Mayor* (4 Abb. [N. C.], 236; *S. C.*, 14 Hun, 79), by the New York General Term. DAVIS, P. J., says the Code contemplates an examination to be used as a deposition on the trial. The application must show such a purpose, and if it fails to show that, but, on the contrary, an intent to force the adversary to give such information as might be necessary to enable the party seeking it to hunt up witnesses to be used against him, the application should be denied or set aside as improvidently granted. This result satisfies our judgment. We prefer not to recognize the absolute right, in every case where the application is formally correct, to an order for an examination. We prefer to recognize the right of courts and judges to examine into the facts and objects, to see that the law is not being perverted to mischievous and unjust ends. The adoption of the eighty-ninth rule is an indication of the sense of the judges that such power existed, and is an attempt to regulate it. We conclude, therefore, that the right to such orders is not absolute, but subject to such supervision and control as has been indicated.

A further reason exists why this order should not be permitted to stand. The affidavit does not show all the facts required as a condition to its issue. By subdivision 4 of section 872 of the Code of Civil Procedure, the plaintiff was required to show that the testimony of the defendant was material and necessary for the plaintiff, or the prosecution of the action. No such fact is shown. Plaintiff's affidavit in this respect is: " That, in order to enable such plaintiff to prepare properly for the prosecution of this action, it is material and necessary for plaintiff to examine the defendant before trial herein for the purpose of ascertaining the facts and circumstances as aforesaid, so within the knowledge of defendant, and not within the knowledge of plaintiff." In other words, it is not the testimony of the defendant which is material and necessary as required by the Code. But it is material and necessary to examine the defendant and find out what he knows or will swear to, so as " to enable plaintiff to prepare properly for the prosecution of this action." This is an entire departure from the spirit of the Code. It is not an effort to take testimony to be used upon the trial. It seeks to find out what defendant will swear to, so as to prepare to meet and overcome it. The case is brought entirely within *Beach* v. *Mayor* (*ante*), and is controlled by that decision, which had not been published or called to the attention of the learned judge at Special Term, when he sustained this order. In the case of *Wheeler* v. *Miller*, decided at the Special Term, the application was defective, like the present one, and the order for the examination was set aside for that reason.

Again, we do not think there is a substantial compliance with the Supreme Court rules. In 1871 a rule was made regulating the practice on these applications, and providing for an affidavit and its contents. The present rule (eighty-nine) though new, has the same objects in view. By all the rules, as well as by former practice, it was essential to show good faith, an honest purpose, and a legitimate claim to discovery. Rule eighty-nine provides for the same thing. In addition to the requirements of the Code, the affidavit shall specify the facts and circumstances which show that the examination is material and necessary, so that the judge may see if the application comes within the purpose and intent of the law.

For the reasons given, we think the order of the Special Term should be reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs.

LEARNED, P. J., and BOCKES, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs.